AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

Jointway E. Benjamin, Jr. uid )
_Petitioner_ )
)
v. )
) Case No. 5:24-CV-19-TPB PRL
)  _(Supplied by Clerk of Court)_
; Warden, Coleman USP-1 )
_Respondent_ )
_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: _Jointway C. Benjamin, Jr._
    (b) Other names you have used: _N/A_
2.  Place of confinement:
    (a) Name of institution: _USP-1 Coleman_
    (b) Address: _PO Box 1033_
       _Coleman Fl 33521_
    (c) Your identification number: _16689-104_
3.  Are you currently being held on orders by:
    ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: _US District Court_
    _for the Southern District of Florida_
    (b) Docket number of criminal case: _9:17-CR-80203_
    (c) Date of sentencing: _July 6, 2018_
    ☐ Being held on an immigration charge
    ☐ Other _(explain):_

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

_____

6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:    USDC - SOUTHERN DISTRICT of FLORIDA

(b) Docket number, case number, or opinion number:    9:17-CR-80283

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:    DETENTION

_____

_____

(d) Date of the decision or action:    July 6, 2018

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes            ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:    11TH CIRCUIT COURT of APPEALS

(2) Date of filing:    Aug. 2020

(3) Docket number, case number, or opinion number:    958 F. 3d 1124

(4) Result:    AFFIRMED

(5) Date of result:    MAY 8, 2020

(6) Issues raised:    1. GOVT. DID NOT PROVE BUT-FOR CAUSE of DEATH
2. JURY INSTRUCTION LACKED proof of knowledge
3. COURT LACKED subject matter jurisdiction
4. COURT ERRED IN DENYING MOTION TO SUPPRESS

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

5. *Court erred in denying motion to voire dire*
6. *Conservative errors*

(b) If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   *Supreme Court of the*
*United States*

(2) Date of filing: _____

(3) Docket number, case number, or opinion number:   *Benjamin v U.S., 141 S Ct 561*

(4) Result:   *Cert. Denied*

(5) Date of result:   *Oct. 13, 2020*

(6) Issues raised:
*lack of subject matter jurisdiction*

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal: _____
_____ N/A _____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes              ☐ No

If "Yes," provide:

(1) Name of court: _____ N/A _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes              ☐ No

If "Yes," provide:

(1) Name of court: _____ N/A _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____ *N/A* _____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Date of filing: _____ *N/A* _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____ *N/A* _____

(2) Date of filing: _____

(3) Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____

      _____

      _____

      _____

      _____

      _____

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes         ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:** _____ *SEE MEMORANDUM of law pg.-J* _____

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☒ No

**GROUND TWO:** _____ SEE MEMORANDUM of /Hrs pg. 1

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☒ No

**GROUND THREE:** _____ SEE MEMORANDUM of /Hrs pg. 1

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☒ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _SEE MEMORANDUM of LAW pg. 6_

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes      ☑ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:

THE GROUNDS BECAME AVAILABLE only AFTER RECENT THE SUPREME
COURT CLARIFICATION of STATUTORY INTERPRETATION REYES/6R THAT
THE Alleged CONDUCT WAS NOT LICOUSNAL

**Request for Relief**

15. State exactly what you want the court to do:

1. ORDER IMMEDIATE RELEASE FROM CUSTODY.
2. REfund AII MONIES PAID TOWARDS AII fINES & RESTITUTION
3. DISMISSAl of AII fINES & RESTITUTION
4. AII OTHER RELIof THE COURT & JUSTICE DEEM APPROPRIATE

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_1 . 5 . 24_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _1 . 5 . 24_

_____ #16689-104
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

TRULINCS  16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

--------------------------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: 2241 MOTION COVER PAGE
DATE: 12/30/2023 12:39:16 PM

.

.                           UNITED STATES DISTRICT COURT
.                                     for the
.                            MIDDLE DISTRICT OF FLORIDA
.

.

.

JOHNNY C. BENJAMIN, JR. MD #16689-104
(petitioner) pro se

ADDRESS:
Johnny C. Benjamin, Jr. #16689-104
Unit A- 217
Federal Correctional Complex USP-1
PO Box 1033
Coleman FL 33521

.

v                                    CASE NO._____

.

WARDEN, COLEMAN USP-1
(custodian/respondent)

.

.

.                    28 USCS 2241 APPLICATION FOR HABEAS CORPUS
.                              MEMORANDUM OF LAW

TRULINCS 16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

--------------------------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: GROUNDS
DATE: 01/04/2024 11:29:13 AM

.         GROUNDS ASSERTING VIOLATIONS OF THE CONSTITUTION OR LAWS OF THE UNITED STATES

GROUNDS I- Challenging the Constitutionality of a Statute: 28 USCS 2255(e) violates Dr. Benjamin's First and Fifth
Amendment fundamental right of access to court.

FACTS: 28 USCS 2255(e) forbids a lower federal court from entertaining a 28 USCS 2241 from a federal prisoner except
under a very limited set of circumstances. The First and Fifth Amendments guarantee unfettered access to the courts, including
access to the Great Writ. The writ grants a prisoner a meaningful opportunity to demonstrate that he is being held under an
erroneous interpretation or application of relevant law. The Great Writ is a Constitutionally protected, independent right that
does NOT require the Court's permission; nor access via any gatekeeping function of any federal statute (i.e. 28 USCS 2255
(e)).

.

GROUNDS II- An indictment that fails to allege the proper means rea violates the Due Process Clause of the 5th and Grand
Jury Clause of the 6th Amendments.

FACTS: An indictment that fails to set forth all the essential elements, including the proper mens rea is Constitutionally and
fatally insufficient. No judgement rendered or detention pursuant to such an infirmed indictment should stand.

.

GROUNDS III- Dr. Benjamin's imprisonment violates a law of the United States.

FACTS: A Supreme Court statutory interpretation and clarification of law occurring AFTER his 28 USCS 2255 was decided
rendered the conduct alleged in the indictment non-criminal. Dr. Benjamin is imprisoned for alleged conduct that does not
constitute an Act of Congress. This violates federal law.

.

GROUNDS IV- Imprisoning an innocent person is cruel and unusual punishment in violation of the 8th and 13th Amendments.

FACTS: Incarceration meets the legal definition of slavery. By definition slavery is inhumane, degrading and shocking to the
moral sense of community. These conditions meet the legal definition of 'cruel and unusual punishment'. It violates the 8th and
13th Amendments to subject an innocent person to execution of a sentence in a "cruel and unusual' manner.

TRULINCS 16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

---------------------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: 2241 MEMO OF LAW
DATE: 12/30/2023 12:58:15 PM

.        MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR HABEAS CORPUS

.

The Supreme Court held that the question of constitutionality of laws was a proper ground for considering a writ of habeas corpus. Ex parte Siebold 100 U.S. 371, 376-77 (1879).

.
GROUNDS I: By forbidding the court from entertaining a 28 USCS 2241, does 28 USCS 2255(e) violate a prisoner's fundamental Constitutional right of access to the courts "to petition the Government for a redress of grievances"?

A clear understanding of the interplay of the following three distinct, yet closely related issues is vital:
1. the fundamental Constitutional right of access to the courts,
2. the Suspension Clause, and
3. the scope of the writ of habeas corpus (28 USCS 2241)

A. RIGHT OF ACCESS TO THE COURTS
"Access to the court is clearly a constitutional right grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or Fourteenth Amendment." Chappell v Rich, 340 F. 3d 1279, 1282 (11th Cir. 2003) (citing Christopher v Harbury, 536 U.S. 403, 415 n. 12 (2002)). "An inmates right of unfettered access to the courts is as fundamental a right as any other he may hold. All other rights of an inmate are illusory without it." McCray v Sullivan, 509 F. 2d 1332, 1337 (5th Cir. 1975) (See Ex parte Hull, 312 U.S. 546 (1941)). The right to petition government for redress of grievances is "among the most precious of the liberties safe guarded by the Bill of Rights." United Mine Workers v Illinois State Bar Ass'n., 389 U.S. 217, 222 (1967).

The First Amendment states- "Congress shall make no law...abridging...the right of the people...to petition the Government for a redress of grievances." Black's law dictionary (5th pocket ed.) instructs that the use of the word 'shall' denotes a mandate, and is defined as- "has a duty to"; and 'abridge' means "to reduce or diminish. Simply put, the First Amendment strictly and unambiguously prohibits Congress from enacting any law (i.e. 2255(e)) that diminishes access to the courts.

The due process clause of the Fifth Amendment provides further foundational support for the 'right of access'. The Supreme Court has held that the right of access to the courts is a requirement of Constitutional due process. See Procunier v Martinez, 416 U.S. 396, 419 (1977) and Murray v Giarratano, 492 U.S. 1, 11 n. 6 (1989).

The Supreme Court has given clear guidance- "Prisoners have a fundamental Constitutional right to adequate, effective and meaningful access to courts to challenge violations of constitutional rights." Bounds v Smith, 430 U.S. 817, 828 (1977); The prisoner's right of access consists of the right to judicial proceedings to challenge convictions or duration and conditions of confinement. Bounds at 827; and "Prisoners' right of access to courts may not be denied or obstructed." Johnson v Avery, 393 U.S. 483, 485 (1969). The constitutional right of unfettered access to the courts "is indeed but one aspect of the right [to] petition [government for redress of grievances]." California Motor Transport, 404 U.S. at 510.

B. SUSPENSION CLAUSE PROTECTS ACCESS TO THE WRIT
The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const,, Art I, section 9, clause 2. Black's Law Dictionary defines 'suspend'- "to interrupt, postpone; defer". This clause guarantees or 'constitutionalizes' ACCESS to the 'Great Writ'. It says nothing about the SCOPE of the writ of habeas corpus. The Suspension Clause was designed to protect ACCESS to the writ of habeas corpus during those cycles of executive and legislative encroachment upon it. Boumediene v Bush, 533 U.S. 723, 745 (2008).

C. SCOPE OF THE WRIT OF HABEAS CORPUS
The Constitution does not define the scope or purpose of habeas corpus. Black's law dictionary (5th pocket ed.) defines habeas corpus as "a writ employed to bring a person before the court, most frequently to ensure that person's imprisonment is not illegal."

TRULINCS  16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

--------------------------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: 2241
DATE: 12/30/2023 11:05:23 AM

As the Supreme Court stated- "We do consider it uncontroversial, however, that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law."  Boumediene v Bush, 553, US 723, 729, 128 S.Ct. 2229 (quoting St Cyr, 533 U.S at 302, 121 S.Ct. 2271.)

INDICTMENT LACKED THE PROPER MENS REA
In light of Ruan v U.S., 597 U.S. __, 142 S. Ct. 2370, 2382 (June 27, 2022), as applied to defendants authorized to dispense controlled substances 21 USCS 841 has always contained the element- "the government must prove beyond a reasonable doubt that a defendant knowingly or intentionally acted in an unauthorized manner." On remand, the 11th Circuit Court of Appeals found that the error was not harmless and vacated the appropriate counts.
United States v Ruan,  56 F.4th 1291, 1298 (11th Cir. 2023).

It is undisputed that at all times relevant to this matter, Johnny C. Benjamin was a licensed physician and duly registered with the DEA to dispense controlled substances.

All Counts of the superseding indictment [DE 41] alleging violation of 21 USCS 841 omitted the proper mens rea element- the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner.

PRIOR TO SUPREME COURT RULING IN RUAN ARGUMENT WAS FORECLOSED BY PRIOR 11TH CIRCUIT PRECEDENT
On remand from the Supreme Court, the Eleventh Circuit stated- "In Ruan I, we affirmed...and held that we were bound by prior Eleventh Circuit precedent... See U.S. v Joseph, 709 F.3d 1082 (11th Cir. 2013); U.S. v Tobin, 676 F.3d 1264 (11th Cir. 2012); U.S. v Merrill, 513 F.3d 1293 (11th Cir. 2008); U.S. v Williams, 445 F.3d 1302 (11th Cir. 2006)." USA v Ruan, supra at LEXIS 3.

21 USCS 841 HAS ALWAYS CONTAINED ELEMENT REGARDING DEFENDANTS AUTHORIZED TO DISPENSE CONTROLLED SUBSTANCES
As the venerable Supreme Court Justice Scalia instructed in Bousley v U.S., 523 U.S. 614 at 633 "It is well established that 'when this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law.' "  Rivers v Roadway Express Inc.., 511 US 298 313, n 12  128 L. Ed. 2d 274, 114 S.Ct 1510 (1994).

DEFENDANT WAS AUTHORIZED TO DISPENSE CONTROLLED SUBSTANCES
It is undisputed that at all times relevant to this matter, Johnny Benjamin, Jr. MD was a licensed physician and duly registered with the DEA to dispense controlled substances.

FAILURE TO SET FORTH ALL THE ELEMENTS OF 21 USCS 841 RENDERED INDICTMENT FATALLY DEFICIENT
On remand from the Supreme Court, the 11th Circuit held "An indictment that fails to allege all the essential elements is constitutionally insufficient."  (concluding that an indictment was "fatally deficient" because it failed to allege a mens rea.) U.S. v Martinez,  800 F.3d 1293, 1295 (11th Cir. 2015)

SUPERSEDING INDICTMENT WAS CONSTITUTIONALLY INSUFFICIENT
All counts of the superseding indictment alleging violation of 21 USCS 841 (Counts 1, 2, 3. 5 and 7 [DE 41]) omitted the proper mens rea element- the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner.

"Our precedents make clear that the indictment must 'fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' "  U.S. v Resendiz-Ponce, 549 U.S. 102, 112 (2007) (citing U.S. v Carll, 105 U.S. 611, 612 (1882).. "An indictment must set forth the essential elements of the offense." U.S. v Fern, 155 F. 3d 1318, 1324-25 (11th Cir. 1998).  "An indictment that fails to allege all the essential elements is constitutionally insufficient." U.S. v Martinez, 800 F. 3d 1293, 1295 (11th Cir. 2015). "This rule serves the purposes of (1) informing the defendant of the nature and cause of the accusation as required by the Sixth Amendment; and (2) ensuring a grand jury found probable cause to support all the necessary elements of the crime, as required by the Fifth Amendment." Fern at 1325 id.

.

TRULINCS 16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

------------------------------------------------------------------------------------------------

The Supreme Court instructs that Congress is the proper party to define the scope and purpose of the writ- "[J]udgment about the proper scope of the writ" is "normally for Congress to make." Felker v Turpin, 518 U.S at 664 (quoting Lonchar v Thomas, 517 U.S. 314, 323 (1996). Congress has done just that at 28 USCS 2241 by stating that federal prisoners may make a colorable claim of illegal imprisonment due to violation of the Constitution or laws or treaties of the United States.

The scope of the great writ that should govern this matter is the current version defined and codified at 28 USCS 2241 and in place during the period of indictment. This version has been the law since 1867.

The Supreme Court made an unequivocal endorsement of the current version of 2241 when it stated "We do consider it uncontroversial, however, that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'erroneous application or interpretation' of relevant law." Boumediene v Bush, 553 U.S. 713, 7129 (2008) (quoting INS v St. Cyr, 533 U.S. at 302  121 S. Ct. 2271).

In Bounds at 828 the Court specifically stated that federal habeas corpus actions are encompassed within the right of access to the court.

If the court determines that the proper scope of habeas corpus is limited to the common law in 1789, Dr. Benjamin's claim remains colorable as a jurisdictional challenge. As Chief Justice Burger instructed- "[A]t common law, the writ was available (1) to compel adherence to prescribed procedures in advance of trial; (2) to inquire into the cause of commitment not pursuant to judicial process; and (3) to inquire whether the committing court had proper jurisdiction. Swain v Pressley, 430 U.S. 372 at 385 (1977).

"The Court then noted the kinds of review that were traditionally available in a habeas proceeding, which included 'detentions based on errors of law, including erroneous application or interpretations of statutes.' St. Cyr at 302. And it supported this view by citing cases from the 18th and 19th centuries. See id at 302-03 and nn. 18-23, English cases consistently demonstrate that the 'erroneous application...of statutes' includes the misapplication of a legal standard to the facts of a particular case." Guerrero-Lasprilla v Barr, 589 US__  140 S.Ct. 2020.

1789 was the pre-Bain era in which a defect in an indictment stripped the court of its' jurisdiction. Because an indictment setting forth the proper mens rea was both mandatory and jurisdictional, a court was without jurisdiction to convict or impose a sentence for an offense not charged in the indictment. The "jurisdiction of the offence [was] gone, and the court [had] no right to proceed any further in the progress of the case for want of an indictment." Ex parte Bain, 121 US 1, 13 (1887). "[I]n so far as it held that a defective indictment deprives a court of jurisdiction" Bain was overruled by United States v Cotton, 353 U.S. 625, 629-31; but not until 2002. (See Notes of Advisory Committee on 2014 Amendments Fed. R. Crim. P 12(b)(3)(B)).

As the Supreme Court has made abundantly clear- "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been the strongest." St. Cyr at 301.

D. INTERPLAY OF THE ISSUES
The First and Fifth Amendments provide the basis for prisoners' fundamental right of undiminished and unfettered access to the courts to seek relief from an injustice. At all times relevant to this matter, the Suspension Clause grants a prisoner access to the writ of habeas corpus. The Great Writ guarantees a prisoner a meaningful opportunity to demonstrate that he is being illegally held due to an error of application or interpretation of relevant law. The scope, purpose and requirements of the writ of habeas corpus are defined and codified by Congress at 28 USCS 2241.

2255(e) OBSTRUCTS ACCESS TO COURT IN DIRECT VIOLATION OF THE FIRST AMENDMENT
Dr. Benjamin does NOT suggest that 2255(e) violates the Suspension clause; nor does he wish to invoke the 'saving clause' in order to pursue a 2241. This must not be construed as a request for a Second or Successive 2255 petition.

Dr. Benjamin asserts that 2255(e) violates his fundamental right of unabridged and unfettered access to the courts. 2255(e) states "an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or such court has denied him relief." In direct conflict with the First Amendment and the Supreme Court's holding in Bounds v Smith id, this Act of Congress bars adjudication and effectively denies a prisoner's fundamental right of undiminished access to court and the judicial proceedings contained within to challenge his detention.

TRULINCS  16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

--------------------------------------------------------------------------------------------------

.

When an Act of Congress (i.e. 2255(e)) bars a court from "entertain[ing]" a 2241 motion the prisoner has been denied or obstructed from his right to due process of law and adjudication of his claim consistent with 28 USCS 2243.  2243 directs the issuing court to "dispense of the matter as law and justice require."  The right of unobstructed access to the courts includes federal habeas corpus actions.

TRULINCS  16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

--------------------------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: 2241 SUMMARY
DATE: 12/30/2023 12:32:55 PM

GROUNDS II- Does an indictment that fails to allege the proper mens rea violate the 'due process' clause of the Fifth Amendment?

BACKGROUND: It is undisputed that at all times relevant to this matter, the Johnny C. Benjamin, Jr. is a physician who was properly licensed and duly registered with the DEA to prescribe controlled substances.  He was tried and convicted of multiple violations of 21 USCS 841 (Counts 1, 2, 3, 5 and 7 [DE 41]).

SUMMARY OF THE ARGUMENT
After the Supreme Court ruled that the jury instruction in Elonis v U.S., 575 U.S. 723 (2015) failed to provide the proper mens rea, Martinez argued that the indictment in her case was insufficient for failing to allege the mens rea that was found lacking in Elonis.  The Supreme Court agreed, vacated the convictions and remanded the case back to the 11th Circuit Court of Appeals. Martinez v U.S., 135 S.Ct. 2798,  192 L. Ed 2d 842 (2015).

On remand, the 11th Circuit Court of Appeals held- "An indictment that fails to allege all of the essential elements is constitutionally insufficient."  U.S. v Martinez, 800 F. 3d 1293, 1295 (11th Cir. 2015).  The indictment was dismissed and convictions vacated.

In this case, Dr. Benjamin makes an identical argument.  In Ruan v U.S., 597 U.S.__, 142 S.Ct. 2370, 2382 (June 27, 2022), the Court ruled that the jury instructions pertaining to 21 USCS 841, as it relates to 'authorized' defendants, was lacking the proper mens rea.  The Court vacated the convictions and remanded the case.

On remand, the 11th Circuit Court held that the error was not harmless and vacated the convictions.
United States v Ruan, 56 F. 4th 1291, 1298 (11th Cir. 2023).

Dr. Benjamin argues that the superseding indictment [DE 41] failed to allege the proper mens rea, as described in Ruan.  Consequently, the indictment [DE 41]  should be considered constitutionally insufficient and dismissed, as in Martinez.

OUTLINE
1.  An indictment that fails to allege all of the essential elements is constitutionally insufficient. (Martinez/Carll)

2.  The superseding indictment failed to allege all the essential elements of 21 USCS 841; specifically, the proper mens rea.

3.  A person cannot be tried on an insufficient indictment. (Madden/ Stirone)

4.  Dr. Benjamin was taken to trial and convicted of multiple violations of 21 USCS 841.

5.  A conviction based on an insufficient indictment cannot be upheld. (Gayle)

SUPPORTING CASE LAW
Our precedents make clear that the indictment must "fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."
U.S. v Resendiz-Ponce, 549 U.S. 102, 111 (2007) (citing U.S. v Carll, 105 U.S. 611, 612 (1882).)

"An indictment that fails to allege all the essential elements is constitutionally insufficient." (concluding that an indictment was "fatally deficient" because it failed to allege a mens rea element). U.S. v Martinez, 800 F. 3d 1295 (11th Cir. 2015) (on remand from the Supreme Court)

A court "cannot permit a defendant to be tried on charges that are not made in the indictment against him."
U.S. v Madden, 733 F. 3d 1314 at 1318 (11th Cir. 2013) (quoting Stirone v U.S., 361 U.S. 212, 217 (1960)

"A criminal conviction will not be upheld if the indictment upon which it is based does not set forth all the essential elements of the offense."  U.S. v Gayle, 967 F. 2d 483, 485 (11th Cir. 1982 ) (en banc).



TRULINCS  16689104 - BENJAMIN, JOHNNY CLYDE JR - Unit: COP-A-A

--------------------------------------------------------------------------------------------------------

UPHOLDING THIS JUDGEMENT VIOLATES CONSTITUTION, SUPREME COURT AND ELEVENTH CIRCUIT CASE LAW
The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Constitution Amendment V. A court "cannot permit a defendant to be tried on charges that are not made in the indictment against him." U.S. v Madden, 733 F.3d 1314 at 1318 (11th Cir. 2013) (quoting Stirone v U.S., 361 U.S. 212, 217 (1960). "Therefore, [t]o be sufficient, an indictment must charge each material element of the offense, if it does not, it fails to charge that offense." U.S. v Berrios-Centeno, 250 F. 3d 294, 297 (5th Cir. 2001).

This issue has been specifically addressed with the 11th Circuit's en banc ruling-"A criminal indictment will not be upheld if the indictment upon which it is based does not set forth all the essential elements of the offense." Gayle v U.S. 967 F. 2d 483, 485 (11th Cir. 1992) (en banc).

MISCARRIAGE OF JUSTICE EXCEPTION PROVIDES PATHWAY TO OVERCOME POTENTIAL PROCEDURAL DEFAULT
Dr. Benjamin is actually and factually innocent. He was improperly tried under an insufficient indictment that lacked the proper mens rea element and did not lawfully prohibit his alleged conduct. A prisoner is actually innocent when imprisoned for alleged conduct that Congress did not criminalize. As the Court instructed "...[this] resulted in the imposition of an unauthorized sentence, it also follows that the [petitioner] is a 'victim of a miscarriage of justice...'" Wainwright v Sykes, 433 U.S. 72, 91 (1977). A federal court may consider a procedurally defaulted claim in the absence of a showing of "cause" for the default when a petitioner demonstrates that there has been a fundamental miscarriage of justice, which "has probably resulted in the conviction of one who is actually innocent." Murray v Carrier, 477 U.s. 478, 496.

The Supreme Court's position as stated by Justice Ginsburg in McQuiggin v Perkins, 569 U.S. 383 at 392, [W]e think [it is] an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent...' Murray v Carrier, 477 U.S. 478 496  106 S.Ct. 2639  91 L. Ed. 2d 397 (1986). "The [Supreme] repeatedly has reversed judgments for plain-error on the basis of inadvertent or unintentional error of the court or parties below. See Silber v United States, 370 U.S. 717, 718 (1962) (per curiam) (reversing judgment for plain error as a result of insufficient indictment." Court has also declared "that risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings." Rosales-Mireles v U.S., 585 US__, 138 S.Ct.__, 201 L. Ed 2d 386-87 (2018).

STANDARD OF REVIEW
As the 11th Circuit instructed in U.S. v Martinez, App. LEXIS 7301 at footnote 3 (11th Cir. 2020)"...unpreserved errors must be analyzed for plain error under Rule 52(b)." Greer v U.S., 141 S.Ct. 2090 at 2099  210 L. Ed 2d 299 (2021).

To overturn conviction on plain-error review, the defendant "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."
U.S. v Gresham, 329 F. 3d 1262, 1265 (11th Cir. 2003).

PLAIN-ERROR STANDARD SATISFIED
1. In light of the Court ruling in Ruan, the superseding indictment omitted the proper mens rea element. This was error;
2. Martinez (11th Cir. 2015) was decided prior to matter at hand. The error was plain;
3. this error affected petitioner's substantial right of liberty; and
4. "risk of unnecessary deprivation of liberty seriously undermines the fairness, integrity or public reputation of judicial proceedings." Rosales-Mireles v U.S., supra.

This substantive ruling of statutory interpretation was decided AFTER Dr. Benjamin's 2255 was decided.

This application for the writ of habeas corpus must NOT be construed as a request for a second or successive 2255.

7/10

TRULINCS  16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

---------------------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: 18 USCS 4001
DATE: 01/03/2024 05:13:25 PM

GROUND III: DR. BENJAMIN'S IMPRISONMENT VIOLATES A LAW OF THE UNITED STATES

Dr. Benjamin's imprisonment is in violation of 18 USCS 4001(a): no citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.

SUPREME COURT STATUTORY INTERPRETATION RENDERED ALLEGED CONDUCT NON-CRIMINAL
The superseding indictment omitted the required fact that when the defendant is authorized to handle controlled substances the "government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." Ruan v U.S., 597 U.S.__, 142 S.Ct. 2370, 2382 (2022). 21 USCS 841 has always required that the government must prove this fact beyond a reasonable doubt, despite the 11th Circuit's "incorrect understanding of 841's scienter requirement" as clarified in Ruan id.

Ruan did not overrule any prior decision of the Supreme Court, rather, it held and therefore established that the prior decisions of the 11th Circuit regarding the proper mens rea of 841 as it applies to defendants authorized to handle controlled substances were incorrect.

IN THE SUPERSEDING INDICTMENT ALL COUNTS OF CONVICTION FAILED TO STATE A CHARGE
Our precedents make clear that the indictment must "fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."
U.S v Resendiz-Ponce, 549 U.S. 102, 111 (2007) (citing U.S. v Carll, 105 U.S. 611, 612 (1882)).
All counts in the superseding indictment purporting a violation of 21 USCS 841, Counts 1, 2, 3, 5 and 7 [DE 41] failed to allege all the necessary facts, specifically the proper mens rea that must be proved beyond a reasonable doubt to "constitute the offense intended to be punished" (i.e. 21 USCS 841) id. "Therefore [t]o be sufficient, an indictment must charge each material element of the offense, if it does not, it fails to charge that offense." U.S. v Berrios-Centeno, 250 F.3d 294, 297 (5th Cir. 2001). Simply put, the counts in question do NOT constitute an Act of Congress.

A "court cannot permit a defendant to be tried on charges that are not made in the indictment against him." Stirone v United States, 361 U.S. 212, 217 (1960). The Fifth Amendment provides that "[n]o person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a a Grand Jury." U.S. Const. Amdt. V. Conducting a trial for charges not made in the superseding indictment [DE 41] violated Benjamin's Fifth and Sixth Amendment rights. These improper actions are the basis for Benjamin's illegal detention.

"For under our federal system it is only Congress, and not the court, which can make conduct criminal." United States v Lanier, 520 U.S. 259, 267-68 n. 6 (1997). And, as it pertains to persons authorized to handle controlled substances, Congress has not made the conduct alleged in the counts in question criminal. When a clarification of law (i.e. Ruan) renders the prisoner's alleged conduct non-criminal, then the custodian (i.e. BOP) has no authority of law to hold the actually innocent prisoner.

The following issues remain:
1. The indictment failed to allege the necessary facts to constitute 21 USCS 841.
2. In violation of the 5th and 6th Amendments, Dr. Benjamin was taken to trial for charges not made in the indictment.
3. The current detention is the product of this unconstitutional trial.
4. This Executive detention is NOT pursuant to a valid Act of Congress.
5. The writ has always been available to review the legality of Executive detention. Felker v Turpin, 518 U.S. 651, 663.

Dr. Benjamin is actually and factually innocent. He was improperly tried under an insufficient indictment that lacked the proper mens rea and did not lawfully prohibit his alleged conduct. A prisoner is actually innocent when imprisoned for alleged conduct that Congress did not criminalize. As the Court has instructed- "...[this] resulted in the imposition of an unauthorized sentence [and detention], it also follows that the [prisoner] is a 'victim of a miscarriage of justice...'" Wainwright v Sykes, 433 U.S. 72, 91 (1977). These constitutional violations resulted in a fundamental miscarriage of justice. Benjamin's illegal imprisonment is not based upon a valid federal statute.



TRULINCS  16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

------------------------------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: CRUEL AND UNUSUAL PUNISHMENT
DATE: 12/30/2023 05:39:54 PM

GROUNDS IV- IT IS CRUEL AND UNUSUAL PUNISHMENT TO IMPRISON BENJAMIN FOR NON-CRIMINAL CONDUCT

QUESTION: Is it "cruel and unusual punishment" in violation of the Eighth Amendment to imprison a person for conduct that does NOT constitute a crime?

As thoroughly discussed in Grounds II, Dr. Benjamin asserts that the conduct alleged in Counts 1, 2, 3, 5 and 7 of the superseding indictment [DE 41] did NOT constitute a crime; specifically 21 USCS 841 as applied to defendants authorized to handle controlled substances.

The 8th Amendment states- "Excessive bail shall not be imposed, nor excessive fines imposed, nor cruel and unusual punishment inflicted." The Constitution does not define the phrase 'cruel and unusual punishment'. Blacks Law Dictionary (5th pocket ed.) defines 'cruel and unusual punishment' as: "Punishment that is torturous, degrading, inhuman, grossly disproportionate to the crime in question, or otherwise shocking to the moral sense of community."

Incarceration of an innocent person is merely slavery by another name. Black's Law Dictionary (5th pocket ed.) defines 'slavery' as- "A situation in which one person has absolute power over the life, fortune and liberty of another." The BOP creates this exact scenario when it takes custody of a prisoner. Incarceration of an innocent person is a form of slavery. Slavery is by definition a degrading and inhumane condition. Therefore, incarceration of an innocent person is also a condition that is degrading, inhumane and otherwise shocking to the moral sense of community in violation of the 8th Amendment's prohibition against "cruel and unusual punishment."

For the unaware, incarceration in a United States Penitentiary entails frequent: 24 hour confinement to cells for weeks & months at a time, 48- 72 hour periods without access to a shower, fully nude strip searches, chains and shackles, filthy living conditions, exposure to chemical irritants (pepper spray), inferior medical care and constant stress related to potential violence and sexual predation. Prisoners' are transported to off-site medical appointments in full chains (handcuffs/belly chain/black box) and shackles fully exposed to public scrutiny. With this country's history of chattel slavery this extreme treatment with its' inherent public shaming is extremely demeaning and degrading to African-American prisoners in particular.

Incarceration for conduct that the law does not make criminal clearly meets the definitions of BOTH 'slavery', and consequently, 'cruel and unusual punishment' in violation of the 8th and 13th Amendments.

DR. BENJAMIN IS ACTUALLY INNOCENT
Dr. Benjamin is actually and factually innocent. He was improperly tried under an insufficient indictment that lacked the proper mens rea element and did not lawfully prohibit his alleged conduct. A prisoner is actually innocent when imprisoned for alleged conduct that Congress did NOT criminalize.

The Supreme Court in United States v Addonizio, 442 U.S. 178, 186-87 (1979) discussing Davis v United States, 417 U.S. 333, 334 (1974) a case in which the Court dealt with a decision of statutory interpretation, which held that a prisoner's imprisonment was due to conduct that the law did not prohibit. The Court in Addonizio observed that refusal to vacate Davis' sentence "would surely have been a 'complete miscarriage of justice, 'since the conviction and sentence were no longer lawful." (See also Wainwright v Sykes, 433 U.S. 72, 91 (1977)- As The Court instructed "...[this] resulted in the imposition of an unauthorized sentence, it also follows that the [petitioner] is a 'victim of a miscarriage of justice'..."

TRULINCS  16689104 - BENJAMIN, JOHHNY CLYDE JR - Unit: COP-A-A

--------------------------------------------------------------------------------

FROM: 16689104
TO:
SUBJECT: 2241 CONCLUSION 2
DATE: 12/30/2023 11:08:33 AM

CONCLUSION
By omitting the proper mens rea, the superseding  indictment did not meet the Fifth Amendment requirement that the grand jury find probable cause for each and every essential element of 21 USCS 841; nor, did it give fair notice of all the essential facts as required by the Sixth Amendment.  This failure to abide by Supreme Court and 11th Circuit case law upheld an improper judgment that convicted an actually innocent person.  This violation of the Constitution was clearly erroneous and resulted in manifest injustice.

In Ruan id, the Supreme Court held that "[The Eleventh Circuit Court of Appeals] evaluated the jury instruction under an incorrect understanding of 841's scienter requirements." at 2382.  Ruan did not overrule any prior decision of the Supreme Court, rather, it held and therefore established that the prior decisions of the 11th Circuit regarding the proper mens rea of 841 as it applies to defendants authorized to handle controlled substances were incorrect.

A Supreme Court ruling is substantive when it "...narrows the scope of a criminal statute by interpreting its terms." Schriro v Summerlin,  542 U.S. 351 at 353.  Because it narrows the scope of 21 USCS 841, Ruan is a substantive ruling.  "A conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result void." Montgomery v Louisiana, 577 U.S. 190  136 S.Ct. 718, 731 (2016).  "[A]s a general principle, that a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced." Montgomery at 731.  To do otherwise, "necessarily carr[ied] a significant risk that a defendant st[ood] convicted of an act that the law does not criminalize." Bousley v U.S., 523 U.S. 614 at 620  (1995).

This substantive ruling and clarification of statutory interpretation rendered the alleged conduct non-criminal.  For these reasons, Benjamin is actually and factually innocent.  Dr. Benjamin is a physician who was illegally tried, convicted, sentenced and imprisoned.  He is currently serving a LIFE (with 240 months concurrent) sentence based upon a "fatally deficient" indictment and the court's erroneous interpretation of relevant law.

The Supreme Court has long held that a prisoner can collaterally attack their conviction in successive petitions [including 28 USCS 2241] if they can make a colorable showing that they are innocent under an intervening decision of statutory construction. See Davis v United States, 417 U.S. at 344-47 (1974);  McCleskly v Zant, 499 U.S. 467, 493-95 (1991).

As granted by the Great Writ, Dr. Benjamin deserves the meaningful opportunity to demonstrate that he is being illegally held due to this erroneous interpretation of 21 USCS 841, which was clarified in Ruan, an intervening decision of statutory construction.  He claims that in violation of his combined First and Fifth Amendment right to access the court, 2255(e) unconstitutionally obstructs his path to redress this grievance.

Granting of this 2241 application and subsequent 2243 proceedings will not delay the execution of the sentence Dr. Benjamin is currently serving; nor, will it require transportation of witnesses or an exhaustive examination of the full record.  When evaluating the sufficiency of an indictment the court considers only the facts alleged in the indictment. United States v Sharpe, 438 F.3d 1257, 63 (11th Cir. 2006).

The Supreme Court instructs that "[W]here imprisonment is unlawful the court 'can only direct [the prisoner] to be discharged.'" Boumediene v Bush, 533 U.S. 723 at 729 (2008)

PRAYER FOR RELIEF
1.  Order Dr. Benjamin's IMMEDIATE EMERGENCY release from custody.
2.  Reimburse all monies paid towards fines and restitution.
3.  Grant all other relief that the Court and justice deem appropriate.

I declare under the penalty of perjury that the foregoing is true and correct.

_____  1. 5. 2 4
16689-104

10/10

# EXHIBITS

1. INDICTMENT

2. ADMINISTRATIVE REMEDIES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-80203-Cr-DIMITROULEAS/MATTHEWMAN(s)

21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 2
18 U.S.C. § 924(c)

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JOHNNY CLYDE BENJAMIN, JR.,
ZACHARY STEWART, and
KEVAN GEORGE SLATER,

                Defendants.

_____/



FILED by _SP_ D.C.

MAR - 6 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT 1

From in or around March 2016, through on or about September 3, 2016, in Palm

Beach County, in the Southern District of Florida and elsewhere, the defendants,

**JOHNNY CLYDE BENJAMIN, JR.,
ZACHARY STEWART,
and
KEVAN GEORGE SLATER,**

did knowingly and willfully combine, conspire, confederate and agree with each another,

and with persons both known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of furanyl fentanyl, a controlled substance analogue as defined in Title 21, United States Code, Section 802(32)(A), that was intended for human consumption, as provided in Title 21, United States Code, Section 813.

It is further alleged pursuant to Title 21, United States Code, Section 841(b)(1)(C), that death resulted to M.C. from the use of such substance on or about September 1, 2016.

## COUNT 2

Between on or about August 29, 2016, and on or about September 1, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendants,

**JOHNNY CLYDE BENJAMIN, JR.,
ZACHARY STEWART,
and
KEVAN GEORGE SLATER,**

did knowingly and intentionally distribute a controlled substance to M.C., in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of furanyl fentanyl, a controlled substance analogue as defined in

2

Title 21, United States Code, Section 802(32)(A), that was intended for human consumption, as provided in Title 21, United States Code, Section 813.

It is further alleged pursuant to Title 21, United States Code, Section 841(b)(1)(C), that death resulted to M.C. from the use of such substance on or about September 1, 2016.

### COUNT 3

Between on or about October 5, 2017, through on or about October 6, 2017, in Indian River County, in the Southern District of Florida and elsewhere, the defendant,

### JOHNNY CLYDE BENJAMIN, JR.,

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved the attempted possession of a mixture and substance containing a detectable amount of Acetyl Fentanyl.

### COUNT 4

Between on or about October 5, 2017, through on or about October 6, 2017, in Indian River County, in the Southern District of Florida and elsewhere, the defendant,

### JOHNNY CLYDE BENJAMIN, JR.,

did knowingly possess one or more firearms, to wit, a Diamondback Model DB380, .380 caliber semi-automatic pistol, and a Kel-Tec Model P32, .32 caliber semi-automatic pistol, in furtherance of a drug trafficking crime as set forth in Count 3 above, for which the

3

defendant may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 5

On or about October 12, 2017, in Indian River County, and in the Southern District of Florida, the defendant,

## JOHNNY CLYDE BENJAMIN, JR.,

did knowingly and intentionally possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of Oxycodone.

## COUNT 6

On or about October 12, 2017, in Indian River County, and in the Southern District of Florida, the defendant,

## JOHNNY CLYDE BENJAMIN, JR.,

did knowingly possess one or more firearms, to wit:

      a.     One (1) Glock Model 43, 9 mm caliber semi-automatic pistol;

      b.     One (1) Smith & Wesson Model SW9F, 9 mm caliber semi-automatic pistol;

      c.     One (1) Ruger Model SR9C, 9 mm caliber semi-automatic pistol;

      d.     One (1) Ruger Model P-94, .40 caliber semi-automatic pistol;

      e.     One (1) Taurus Model PT-58S, .380 caliber semi-automatic pistol;

      f.     One (1) Glock Model 33, .357 caliber semi-automatic pistol;

4

g.  One (1) Glock Model 19, 9 mm semi-automatic pistol;

h.  One (1) Glock Model 21, .45 caliber semi-automatic pistol;

i.  One (1) Glock Model 37, .45 caliber semi-automatic pistol;

j.  One (1) Taurus Model "Public Defender/Judge," .45/.410 caliber revolver;

k.  One (1) Heckler & Koch Model USP Compact, .40 caliber semi-automatic pistol;

l.  Two (2) SIG-SAUER (SIGARMS) Model P-238, .380 caliber semi-automatic pistols; and,

m.  One (1) Mossberg Model 590, 12 gauge pump-action shotgun

in furtherance of a drug trafficking crime as set forth in Count 5 above, for which the defendant may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT 7

Between on or about January 19, 2016, and on or about October 21, 2016, in Indian River County, in the Southern District of Florida and elsewhere, the defendants,

**JOHNNY CLYDE BENJAMIN, JR.,**
**ZACHARY STEWART,**
**and**
**KEVAN GEORGE SLATER,**

did knowingly and willfully combine, conspire, confederate and agree with each another, and with other persons both known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged

5

the controlled substance involved in this offense was a mixture and substance containing a detectable amount of Hydrocodone.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged the controlled substance involved in this offense was a mixture and substance containing a detectable amount of Oxycodone.

## CRIMINAL FORFEITURE

1.      The allegations contained in Counts 3, 4, 5 and 6 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count 4 of this Superseding Indictment, the defendant, JOHNNY CLYDE BENJAMIN, JR., shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to: a Diamondback Model DB380, .380 caliber semi-automatic pistol, Serial No. ZB0176, and a Kel-Tec Model P32, .32 caliber semi-automatic pistol, Serial No. 121226. All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3.      Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count 6 of this Superseding Indictment, the defendant, JOHNNY CLYDE BENJAMIN, JR., shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c),

6

any firearms and ammunition involved in the commission of the offense, including, but not limited to:

    a.    One (1) Glock Model 43, 9 mm caliber semi-automatic pistol, Serial No. ZDW556;

    b.    One (1) Smith & Wesson Model SW9F, 9 mm caliber semi-automatic pistol, Serial No. PAF2094;

    c.    One (1) Ruger Model SR9C, 9 mm caliber semi-automatic pistol, Serial No. 332-53318;

    d.    One (1) Ruger Model P-94, .40 caliber semi-automatic pistol, Serial No. 341-04648;

    e.    One (1) Taurus Model PT-58S, .380 caliber semi-automatic pistol, Serial No. KIJ24572;

    f.    One (1) Glock Model 33, .357 caliber semi-automatic pistol, Serial No. LKS186;

    g.    One (1) Glock Model 19, 9 mm semi-automatic pistol, Serial No. EPC347US;

    h.    One (1) Glock Model 21, .45 caliber semi-automatic pistol, Serial No. NEH158,

    i.    One (1) Glock Model 37, .45 caliber semi-automatic pistol, Serial No. LKU098;

    j.    One (1) Taurus Model "Public Defender/Judge," .45/.410 caliber revolver, Serial No. CX946963;

     k.     One (1) Heckler & Koch Model USP Compact, .40 caliber semi-automatic pistol, Serial No. 26-068681;

     l.     Two (2) SIG-SAUER (SIGARMS) Model P-238, .380 caliber semi-automatic pistols, Serial Nos. 27A063770 and 27A051993; and,

     m.    One (1) Mossberg Model 590, 12 gauge pump-action shotgun, Serial No. R605271.

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

_____
ROLANDO GARCIA
ASSISTANT UNITED STATES ATTORNEY

_____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

8

ADMINISTRATIVE

REMEDIES

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Johnny Benjamin__      __16689-104__      __A-Unit__      __USP# 1__
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

My incarceration is based upon void conviction and sentence

that violate a Supreme Court substantive rule of law. Ruan V.

United States, 142 S. Ct. 2370 (2012).

__1. 13. 23__
   DATE            SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See Response Attached

                     RCVD 01/19/23
_____     _____
      DATE                   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: __1148249 - F1__

                       CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____           _____
     DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                        BP–229(13)

Part B Response
Administrative Remedy 1148249-F1

This is in response to your Request for Administrative Remedy 1148249-F1, in which you state you are being held by the Bureau of Prisons (BOP) unconstitutionally.

An investigation into this matter revealed you were sentenced in the U.S. District Court, Southern District of Florida, on July 6, 2018, for Conspiracy to Possess With Intent to Distribute Furanyl Fentanyl resulting in death, Distribution of Furanyl Fentanyl resulting in death, Attempt to Possess With Intent to Distribute Oxycodone, Conspiracy to Possess With Intent to Distribute Hydrocodone and Oxycodone. The judge further ordered you to be committed to the custody of the United States Marshals for a term of life.

Based on this investigation it is concluded you are not being held unconstitutionally as you are indicating, and you are legally committed to the custody of the Bureau of Prisons.

Therefore, your Request for Administrative Remedy is **denied.** If you are dissatisfied with this response, you may appeal by filing a BP-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.


_____
Shannon D. Withers, Complex Warden

_____1 -26-23_____
Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Johnny Benjamin__    __16689-104__    __A-Unit__    __USP#1__
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**

My incarceration is based upon void conviction and sentence that violate a Supreme Court substantive rule of law. Ruan V. United States, 142 S. Ct. 2370 (2012).

__2.1.23__                          _(signature)_
DATE                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Received
FEB 3 2023
REGIONAL COUNSEL [illegible]

_____            _____
DATE                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: __1148249-R1__

**Part C - RECEIPT**

                                            CASE NUMBER: _____

Return to: _____        _____    _____    _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                               SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN         PRINTED ON RECYCLED PAPER                        BP-230(13)
                                                                JUNE 2002

Regional Administrative Remedy Appeal No. 1148249-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted February 3, 2023, wherein you are appealing the Warden's response to your request for an immediate release from the Bureau of Prisons (BOP).   As relief, you are requesting to be released immediately from the BOP.

A review of your allegation determined the Warden's response adequately addressed the concerns raised in your Institutional Administrative Remedy.   A careful review of your records reflects you were sentenced in the U.S. District Court, Southern District of Florida, on July 6, 2018, for Conspiracy to Possess with Intent to Distribute Furanyl Fentanyl Resulting in Death, Attempt to Possess with Intent to Distribute Oxycodone, and Conspiracy to Possess with Intent to Distribute Hydrocodone and Oxycodone.

You were hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Life.   Therefore, you are not being held unconstitutionally and are legally committed to the custody of the BOP.   You have the right to bring a motion requesting a reduction in sentence with the relevant sentencing court.

Accordingly, this response to your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, and 320 First Street, NW, Washington, D.C., 20534.   Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

___3/29/23___
Date

_____
Regional Director, SERO

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball–point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach-
ments must be submitted with this appeal.

From: __Benjamin, Johnny__          __16689-104__          __A-Unit__          __USP 1__
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

My incarceration is based upon a void conviction and sentence
that violate a Supreme Court substantive rule of law. See
**Ruan v. United States**, 142 S. Ct. 2370 (2022).


__4.14.23__          _____
DATE                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**


RECEIVED

MAY 0 4 2023

Administrative Remedy Section
Federal Bureau of Prisons


_____          _____
DATE                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _1148249_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____          _____          _____          _____
     LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL          BP-231(13)

**Administrative Remedy No. 1148249-A1**
**Part B – Response**


This is in response to your Central Office Administrative Remedy Appeal wherein you request to be immediately released from Bureau of Prisons custody as you contend your conviction is based upon a void conviction and sentence that violates the Supreme Court substantive rule of law.

We have reviewed documentation relevant to your appeal and, based on the information gathered, concur with the manner in which the Warden and Regional Director addressed your concerns at the time of your Request for Administrative Remedy and subsequent appeal. The Bureau of Prisons does not have the authority to review your conviction. As indicated, you were sentenced in the United States District of the Southern District of Florida, to a Life term of imprisonment for Conspiracy to Possess with Intent to Distribute Furanyl Fentanyl Resulting in Death, Distribution of Furanyl Fentanyl Resulting in Death, Attempt to Possess with Intent to Distribute Acetyl Fentanyl, Possession with Intent to Distribute Oxycodone, and Conspiracy to Possess with Intent to Distribute Hydrocodone and Oxycodone. Your Judgment in a Criminal Case is valid and the Bureau of Prisons is responsible for executing your sentence. Any concerns or questions regarding your sentence must be addressed with the appropriate sentencing court.

Considering the forgoing, your appeal is denied.



May 10, 2023
Date

*S. Connors*
Ian Connors, Administrator
National Inmate Appeals